# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00233-CR

**Cleavon Laron Young, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 63222, HONORABLE WILLIAM BACHUS JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Cleavon Laron Young pleaded guilty to evading arrest using a motor vehicle. *See* Tex. Penal Code Ann. § 38.04 (West Supp. 2009). Consistent with a plea bargain agreement, the court assessed punishment at one year in state jail. In a single point of error, appellant contends that the trial court erred by overruling his pretrial motion to suppress evidence.[1] We overrule this contention and affirm the conviction.

On the afternoon of May 31, 2008, Killeen police officers Michael Truelove and Roy Clayton were traveling west on Greenwood Street in an unmarked police vehicle. Truelove, who was the passenger, testified that he saw a gold Mazda turn right off Greenwood onto Hall Avenue without signaling. During his cross-examination, Truelove amended his testimony, saying

---

[1] Appellant pleaded guilty before the Honorable William Bachus Jr. The Honorable Joe Carroll heard and overruled the motion to suppress.

that the Mazda signaled the turn, but the signal was given less than one hundred feet from the intersection. *See* Tex. Transp. Code Ann. § 545.104(a) (West 1999) (requiring operator of vehicle to signal intention to turn); *id*. § 545.104(b) (requiring operator of vehicle to "signal continuously for not less than the last 100 feet" before turning left or right). Clayton testified that he saw the Mazda turn from Greenwood onto Hall and from Hall onto 22nd Street, and that the latter turn was made without a signal. Both officers agreed that the Mazda stopped in an apartment parking lot after turning, and that Clayton stopped the unmarked vehicle behind it.

Truelove got out of the police vehicle and approached the driver's side of the Mazda on foot. Truelove was in full police uniform, including badge and firearm. Truelove testified that appellant, who was the driver and sole occupant of the Mazda, told him, "I'm trying to park." Truelove said that appellant was "acting real nervous and he was kind of going for the gear shift and everything," so the officer attempted to open the driver's side door. Appellant "threw it in reverse and backed out of the parking lot, and then drove northbound up Hall." Clayton and Truelove pursued appellant and ultimately succeeded in stopping and arresting him.

Appellant contends, as he did below, that the initial traffic stop or detention violated the Fourth Amendment because the officers did not have probable cause or reasonable suspicion to believe that he had violated any law. Citing the inconsistencies in the officers' testimony, appellant asserts that "it cannot be said that the [State] has provided clear evidence of a valid reason for the detention, nor that there was a detention at all prior to the flight of the Appellant."

The Fourth Amendment prohibits unreasonable searches and seizures. The uncontradicted evidence is that appellant stopped on his own accord—to park, as he told

2

Truelove—and although Truelove thereafter attempted to detain appellant, the attempt was arguably unsuccessful. If, as he argues, appellant was not detained before he fled, there was no seizure and hence no Fourth Amendment violation. Under that reading of the record, whether the officers were legally justified in *attempting* to detain appellant would speak only to whether his flight violated penal code section 38.04, a question that was mooted when appellant judicially confessed and is not before us.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). This means that the ruling will be upheld if it is reasonably supported by the record and is correct under any applicable legal theory. *Id*. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the trial court almost complete deference in determining historical facts, but we review de novo the trial court's application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

The trial court filed written findings and conclusions. The court found that both Truelove and Clayton testified that appellant failed to properly signal his turn. Obviously believing the officers' testimony to that extent, the court concluded that they had observed a traffic violation and had reasonable grounds to conduct a traffic stop. Despite the inconsistencies in the officers' testimony, the trial court did not abuse its discretion by finding that appellant did not signal his intention to turn in the manner required by the transportation code. Deferring to this finding, we

3

hold that the trial court did not err in concluding that the officers had probable cause or reasonable suspicion to detain appellant for the observed traffic violation.

For the reasons stated, we overrule the point of error and affirm the judgment of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   March 2, 2010

Do Not Publish

4